# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENT DOE NO. 1,<br><br>        Plaintiff,<br><br>        v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>        Defendants. | Case No: 2:25-cv-01962 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Plaintiff, Student Doe No. 1,[1] is one of an estimated 4,700 international students[2] who, since April 1, 2025, have had their student visas abruptly cancelled

---

[1] Plaintiff will separately file a motion for permission to proceed pseudonymously.

[2] Dan Rosenzweig-Ziff and Susan Svrluga, "Some foreign students fear speaking out as visa cancellations rise," *Washington Post* (Apr. 12, 2025),

and Student and Exchange Visitor Information System ("SEVIS") records terminated without due process and in violation of the Administrative Procedure Act.

2. SEVIS is DHS's online system for monitoring students admitted on student visas to study in the United States. Schools are required to record information in SEVIS "regarding student addresses, courses of study, enrollment, employment and compliance with the terms of the student status."[3] A school cannot document a student's compliance if the student's SEVIS record has been terminated.

3. DHS has limited authority under federal regulations to terminate the SEVIS record of a student who has not violated the terms of his or her nonimmigrant student status. DHS acted beyond that authority when it cancelled Plaintiff's SEVIS record.

4. As a result of DHS's unlawful executive action, Plaintiff is at risk of being detained and placed in removal proceedings pursuant to 8 U.S.C. § 1227(a)(1)(C)(i). Plaintiff would not be able to complete the program of study in which Plaintiff has invested significant time and financial resources.

---

https://www.washingtonpost.com/education/2025/04/12/international-students-visas-revoke-fear/

[3] *See* ICE, "Student and Exchange Visitor Information System," https://www.ice.gov/sevis/overview.

5. Plaintiff brings this action seeking declaratory and injunctive relief, including reinstatement of Plaintiff's SEVIS record and an order enjoining Defendant United States Immigration and Customs Enforcement ("ICE") from detaining and seeking to remove Plaintiff under 8 U.S.C. § 1227(a)(1)(C)(i).[4]

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (federal defendant), and 5 U.S.C. § 702 (right of review).

7. Defendants have waived their sovereign immunity for suits seeking injunctive relief against constitutional and statutory violations. 5 U.S.C. § 702.

8. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 as Plaintiff resides within the Eastern District of Pennsylvania.

## PARTIES

9. Plaintiff is a foreign national enrolled full-time at Temple University in Philadelphia, Pennsylvania, pursuant to a lawful admission on a student visa. Plaintiff currently resides within the Eastern District of Pennsylvania.

10. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the Executive Branch of the federal government and is an

---

[4] The Department of State has also notified Plaintiff that Plaintiff's F-1 visa has been revoked. Plaintiff does not challenge the visa revocation in this action.

"agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including U.S. Immigration Customs and Enforcement ("ICE").

11. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

12. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity.

## ADMISSION OF FOREIGN NATIONAL STUDENTS

13. Section 101(a)(15) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(15), describes several classes of nonimmigrants. Subsection (a)(15)(F) applies to foreign nationals who seek to enter the United States temporarily for the sole purpose of studying at a qualifying educational institution. *See* 8 U.S.C. § 1101(a)(15)(F). Students enter the United States on an F-1 visa issued by the U.S. Department of State and are permitted to remain in "F-1 status" until the completion of their program as long as they meet the requirements established by the regulations governing the student's visa classification in 8 C.F.R. § 214.2(f).

14. The continued validity of the F-1 visa is irrelevant after the student has arrived in the United States pursuant to an F-1 admission. The revocation of a visa does not constitute failure to maintain status and is not a basis for SEVIS termination.

15. ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[5] Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[6]

16. Although a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[7] The immigration judge may dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status.[8] Only when a final removal order entered would status be lost.

---

[5] *Id.*

[6] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

[7] *See* 8 U.S.C. § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).

[8] 8 C.F.R. § 1003.18(d)(1)(ii)(B).

17. DHS's Student and Exchange Visitor Program (SEVP) administers the F-1 student program and tracks information on students in F-1 status. SEVP maintains the SEVIS database to track international students' compliance with their F-1 status.[9]

18. The school is required to record information in SEVIS about the student's compliance or noncompliance with the F-1 requirements. *See* 8 C.F.R. § 214.2(f).

19. The regulations generally limit DHS's authority to terminate the status of nonimmigrants to the following three grounds:

> (1) after a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked;
>
> (2) after a private bill to confer lawful permanent residence is introduced in Congress; or
>
> (3) after DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status.

*See* 8 C.F.R. §214.1(d). The are no additional grounds elsewhere in the regulations on which DHS may terminate the status of an F-1 student.

---

[9] *See* https://studyinthestates.dhs.gov/site/about-sevis.

20. The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal.[10] The termination of a SEVIS record constitutes final agency action for purposes of APA review.[11]

## FACTUAL ALLEGATIONS

21. Plaintiff is an international student who is enrolled full-time in a graduate program at an SEVP-certified university with a main campus located within the Eastern District of Pennsylvania. Plaintiff was born and raised in a country that has maintained an excellent diplomatic relationship with the United States. Plaintiff is the child of a decorated military pilot who was awarded The Air Medal by the United States of America in recognition of the combat missions that he flew with an ally of the United States.

22. Prior to coming to the United States to study, Plaintiff earned a bachelor's degree and acquired approximately two and one-half years of work experience, first as an internship trainee and then as an employee, in Plaintiff's field before applying to continue Plaintiff's studies in the United States.

---

[10] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).

[11] *See id.* at 185.

23. Plaintiff applied for and, on November 23, 2022, was issued an F-1 visa to enter the United States for the purpose of studying at a university in the United States. Plaintiff completed an intensive English language program at an SEVP-certified university and then returned home.

24. On May 11, 2024, the same SEVP-certified school in which Plaintiff is currently enrolled issued Form I-20, Certificate of Eligibility for Nonimmigrant Student Status to Plaintiff. On July 6, 2024, Plaintiff was admitted to the United States as an F-1 student for "duration of status."

25. At all times relevant to this action, Plaintiff has been a "bona fide student" and pursued a "full course of study" within the meaning of INA § 101(a)(15)(F)(i), 8 U.S.C. § 1101(15)(F)(i). At all times relevant to this action, Plaintiff was "pursuing a full course of study" at an approved educational institution and was "making normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

26. Plaintiff has completed nearly half of the academic program for which Plaintiff was admitted. Plaintiff completed 12 of the 48 required credits in the first semester and is less than four weeks away from completing the second semester and earning another 12 credits. Plaintiff's academic performance has been outstanding, earning a GPA of 3.84 out of 4.00.

27. On March 13, 2025, a criminal matter was filed against Plaintiff. A preliminary hearing is scheduled to take place on May 16, 2025. Plaintiff flatly

denies the allegations in their entirety. Plaintiff's school has taken no disciplinary action against Plaintiff related to the incent alleged in the criminal matter.

28. On April 10, 2025, without any notice to Plaintiff or Plaintiff's school, DHS terminated Plaintiff's SEVIS record and entered the following explanation:

> Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

29. On April 10, 2025, the school informed Plaintiff that it had been checking SEVIS daily and had discovered that Plaintiff's SEVIS record had been terminated that day by DHS.

30. Plaintiff is an outstanding student who has excelled in the graduate program at the university in which Plaintiff is enrolled. The university had not recorded any violation for Plaintiff in SEVIS and, upon information and belief, had no intention of terminating Plaintiff's SEVIS record. However, Plaintiff's ability to continue in the program is in jeopardy due to the termination of Plaintiff's SEVIS record.

31. Intervention by the Court is necessary to remedy Defendants' illegal conduct.

## CAUSES OF ACTION

### COUNT 1
### Violation of Due Process Clause of the
### Fifth Amendment to the United States Constitution
### (Unlawful Termination of SEVIS Record)

32. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

33. Plaintiff has constitutionally protected liberty and property interests in Plaintiff's nonimmigrant student status.

34. The Fifth Amendment to the United States Constitution requires that, before Plaintiff could be deprived of a liberty or property interest, Plaintiff be given notice and a meaningful opportunity to be heard.[12]

35. Defendants terminated Plaintiff's SEVIS record without notice and without affording Plaintiff with a meaningful opportunity to respond to the allegations offered to justify the termination, in violation of Plaintiff's right to due process under the Fifth Amendment to the United States Constitution.

### COUNT 2
### Violation of the Administrative Procedure Act
### (Unlawful Termination of Plaintiff's SEVIS Record)

---

[12] *See U.S. v. Torres,* 383 F.3d 92, 103-04 (3rd Cir. 2004) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (quoting *Matthews v. Eldridge,* 424 U.S. 319, 333 (1976)).

36. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

37. Defendants' termination of Plaintiff's SEVIS record is a final agency action.[13]

38. Defendants' termination violates the Administrative Procedure Act ("APA") and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including the regulatory regime at 8 C.F.R. § 214.1(d).

39. Under 8 C.F.R. § 214.1(d), neither the pending criminal charges nor the revocation of Plaintiff's visa were grounds for Defendants to terminate Plaintiff's SEVIS record.

40. Defendants acted arbitrarily and capriciously, in violation of the APA, by failing to consider Plaintiff's individual circumstances and provide a detailed, reasoned explanation to justify terminating Plaintiff's SEVIS record.

## COUNT 3
### Violation of the Administrative Procedure Act
### (Procedural Due Process)

41. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

---

[13] *See Jie Fang*, 935 F.3d at 182.

42. Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

43. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of Plaintiff's right to due process under the Fifth Amendment and should be set aside pursuant to the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare that the termination of Plaintiff's SEVIS record was unlawful;

(3) Vacate and set aside DHS's termination of Plaintiff's SEVIS record;

(4) Order that Defendants restore Plaintiff's SEVIS record and status;

(5) Enjoin Defendants from commencing removal proceedings against Plaintiff based on the unlawful termination of Plaintiff's SEVIS record or any alleged violation of status directly or indirectly related to the termination;

(6) Enjoin Defendants from detaining Plaintiff in connection with removal proceedings based on the unlawful termination of

      Plaintiff's SEVIS record or any alleged violation of status directly or indirectly related to the termination;

(7) Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

(8) Grant such further relief as the Court deems just and proper.

                                    Respectfully Submitted,

Dated: April 17, 2025                  /s/ David S. Santee

                                    David S. Santee
                                    Pa. Bar. No. 83832
                                    Law Offices of David S. Santee, LLC
                                    12 Veterans Square, Suite 1
                                    Media, PA 19063
                                    Email: david@santeelawoffices.com
                                    Telephone: (215) 717-8000
                                    Facsimile: (215) 895-3995