UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENT DOE NO. 1,<br><br>        **Plaintiff,**<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>        **Defendants.** | CIVIL ACTION NO: 25-1962 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTIONFOR TEMPORARY RESTRAINING ORDER**

**I.   INTRODUCTION**

Plaintiff was admitted to the United States as an F-1 student on July 6, 2024 to attend a master's degree program at Temple University. Upon entry, he was granted permission to remain for "duration of status." He has completed one semester of the four-semester program and has made substantial progress toward completion of the second semester.

On April 10, 2025, without any notice to Plaintiff or his school, DHS terminated Plaintiff's SEVIS record and entered the following explanation:

> Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

Plaintiff has a criminal matter pending in the Philadelphia Municipal Court and is currently out on bail. The matter is scheduled for a preliminary hearing on May 16, 2025. The criminal matter did not trigger any disciplinary action by Temple University. As of April 10, 2025, Plaintiff was a student in good standing and was fully compliant with his F-1 student status.

Plaintiff has filed this action challenging the termination of his SEVIS record as unlawful in violation of his Fifth Amendment right to due process and in violation of 8 C.F.R. §214.1(d), and seeking an order that his SEVIS record be reinstated. Plaintiff now moves for a temporary restraining order prohibiting Defendants from detaining him or initiating removal proceedings on the basis of the unlawful termination of his SEVIS record.

## II. JURSIDCTION AND RIPENESS

In *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172 (3d Cir. 2019), the United States Court of Appeals for the Third Circuit found that the District Court had jurisdiction over the termination of a student's F-1 status under the APA and that the matter was ripe for review.

On jurisdiction, the Court explained:

> Under the APA, "final agency action[s] for which there is no other adequate remedy in a court are subject to judicial review."

> The order terminating these students' F-1 visas marked the consummation of the agency's decisionmaking process, and is therefore a final order, for two reasons. First, there is no statutory or regulatory requirement that a student seek reinstatement after his or her F-1 visa has been terminated. Moreover, even if the students attempt to pursue the administrative procedures for reinstatement, there is no mechanism to review the propriety of the original termination order. Second, the students need not wait for removal proceedings to be instituted. As we stated in [*Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005)], an order's finality cannot depend on the institution of removal procedures which may never occur. And in any event, immigration judges cannot review the original denial of reinstatement. They do not have that authority.

*Jie Fang*, 935 F.3d at 182.

Furthermore, the Court held that the case was ripe for review even though the plaintiffs had a pending application for reinstatement of their student status and had not been placed in removal proceedings. *Id.* at 185-86.

## III. LEGAL ARGUMENT

The Court should grant a temporary restraining order or enjoining Defendants from terminating Plaintiff's F-1 student status under the SEVIS system, and (ii) requiring Defendants to set aside their termination determination. "A plaintiff seeking a preliminary injunction must establish that [1] she is likely to succeed on the merits, [2] that she is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in her favor, and [4] that an injunction is in the public interest." *Winter v. National Res. Def. Council, Inc.*, 555

3

U.S. 7, 20 (2008). The Third Circuit has described the first two requirements as "gateway factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). If the gateway factors are met, then a court should consider the remaining factors. *Id.*; *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) ("[A] movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm").

### a. Likelihood of Success on the Merits

The Plaintiff alleges, among other counts, that Defendants violated the Administrative Procedure Act (APA), in terminating his SEVIS status through unauthorized agency action as well as arbitrary and capricious agency action. See Dkt 1. at p. 9-10.

Termination of SEVIS registration can only be done on one of the outlined grounds, one of which is a student's failure to maintain status. DHS regulations distinguish between two separate ways a student may become "out of status": (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in

4

unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)-(g) provides three specific circumstances under which certain conduct by a nonimmigrant visa holder "constitutes a failure to maintain status": engaging in unauthorized employment, 8 C.F.R. §§ 214.1(e); providing false information to DHS, 8 C.F.R. §§ 214.1(f); and being convicted of a crime of violence with a potential sentence of more than a year, 8 C.F.R. §§ 214.1(g). There is no regulation that provides that a nonimmigrant violates status upon revocation of his or her visa or upon being arrested.

The crime of violence ground in Subsection (g) provides in full:

> **Criminal activity.** A condition of a nonimmigrant's admission and continued stay in the United States is obedience to all laws of United States jurisdictions which prohibit the commission of crimes of violence and for which a sentence of more than one year imprisonment may be imposed. A nonimmigrant's **conviction** in a jurisdiction in the United States for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status under section 241(a)(1)(C)(i) of the Act.

8 C.F.R. § 214.1(g) (emphasis supplied). A nonimmigrant who has been arrested or, as stated in the explanation for Plaintiff's SEVIS record, "identified in criminal records check" has not violated his or her status. Accordingly, DHS has no authority under Section 214.1(g) or elsewhere in the regulations to terminate a student's F-1

status based on an arrest because an arrest in the absence of a conviction is not a violation of status.

The grounds for termination of nonimmigrant status by DHS are even narrower. According to 8 C.F.R. § 214.1(d), DHS may terminate a nonimmigrant's status under three circumstances: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't,* 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter.

Nothing in the Plaintiff's criminal history or other history, including immigration history, provides a basis for SEVIS termination. Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law. Further,

Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made. Accordingly, Plaintiff has a high likelihood of success on the merits of her case.

### b. Irreparable Harm if TRO is not Issued & Public Interest

Plaintiffs seeking a preliminary injunction or temporary restraining order must make a clear showing "that irreparable injury is likely in the absence of an injunction." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiff will suffer irreparable injury if Defendants' termination determination is not set aside and enjoined.

DHS may initiate removal proceedings against Plaintiff under 8 U.S.C. § 1227(a)(1)(C)(i), which provides that one "who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted or to which it was changed under section 1258 of this title, or to comply with the conditions of any such status, is deportable." The U.S. Supreme Court has recognized the severity of deportation, describing it as "a drastic measure and at times the equivalent of banishment or exile. It is the forfeiture for misconduct of a residence in this country. Such a forfeiture is a penalty." *Costello v. Immigr. & Naturalization Serv.*, 376 U.S. 120, 128, (1964).

Second, according to 8 U.S.C. § 1226(a), Plaintiff may be arrested and detained pending the outcome of removal proceedings.

From July 6, 2024 through April 10, 2025, Plaintiff was a lawful non-immigrant in the United States and had never violated his student status. On April 10, 2025, Defendants, through unlawful and arbitrary means, thrust Plaintiff into unlawful status in the United States, opening him up to the severe harm of unlawful arrest, unlawful detention, and unlawful deportation.

The fact that Plaintiff's visa has been revoked, which is also a ground for removal under 8 USC § 1227(a)(1)(B), does not render Plaintiff's claim moot in this case. Deportability under 8 USC § 1227(a)(1)(B) may be contested in removal proceedings. *See* 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation). The immigration judge has the authority to dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status. *See* 8 C.F.R. § 1003.18(d)(ii)(B). Therefore, if the unlawful revocation of Plaintiff's SEVIS record is allowed to stand, Plaintiff would have no defense to removal under 8 USC § 1227(a)(1)(B). Plaintiff's challenge is properly before this Court pursuant to the APA, and it is ripe for review because the termination of his SEVIS record is final agency action.

Third, the termination of Plaintiff's SEVIS record will result in the loss of Plaintiff's academic studies and career trajectory. *Bridges v. Wixon*, 326 U.S. 135, 147 (1945).

Fourth, the termination of Plaintiff's SEVIS record will result in financial hardship to Plaintiff. Temple University estimated that the cost of attending the first two semester of his program would be $48,282. Plaintiff would be unable to recoup that loss if he is deprived of his ability to complete his program.

Fifth, the termination will likely result in the accrual of time out-of-status and/or unlawful presence, which is a critical factor for Plaintiff's future reinstatement of F-1 student status and future readmission to the United States in any status. *See Jie Fang*, 935 F.3d at 176 (noting that a student should not have been out of a valid F-1 student status for more than 5 months for a reinstatement application).

Defendants have no substantial interest in terminating Plaintiff's F-1 student status. Indeed, granting a temporary restraining order would merely maintain the status quo that has been in place for 3 years of Plaintiff's studies in the United States.

Defendants also have no legitimate interest in enforcing this unconstitutional and unlawful termination or in exceeding Defendants' statutory and regulatory authority by terminating Plaintiff's F-1 student status in a manner that is contrary to federal law, and "the public interest is harmed by the enforcement of [termination

9

determination] repugnant to the United States Constitution." *Tirrell v. Edelblut*, No. 24-CV-251-LM-TSM, 2024 WL 3898544, at *6 (D.N.H. Aug. 22, 2024).

## CONCLUSION

For the foregoing reasons, the motion for a temporary restraining order or should be granted.

                                              Respectfully Submitted,

Dated: April 18, 2025                       /s/ David S. Santee

                                              David S. Santee
                                              Pa. Bar. No. 83832
                                              Law Offices of David S. Santee, LLC
                                              12 Veterans Square, Suite 1
                                              Media, PA 19063
                                              Email: david@santeelawoffices.com
                                              Telephone: (215) 717-8000
                                              Facsimile: (215) 895-3995