### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STUDENT DOE NO. 1,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO: 25-1962** |
| **KRISTI NOEM, *et al.*,** | |
| **Defendants.** | |

### ORDER

**AND NOW**, this _____ day of April 2025, upon consideration of Plaintiff's Consolidated Motions for Leave to Proceed Using a Pseudonym, to Require Redaction of Identifying Information from Filings, and to Close All Hearings to the Public, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1.      Plaintiff is permitted to proceed under the pseudonym "Student Doe No. 1."

2.       All filings in this matter shall be redacted to remove any information that would identify Plaintiff.

3.      All hearings in this matter shall be closed to the public.

It is so **ORDERED**.

BY THE COURT:

_____
**CYNTHIA M. RUFE, J.**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**STUDENT DOE NO. 1,**

              **Plaintiff,**

      **v.**                                **CIVIL ACTION NO: 25-1962**

**KRISTI NOEM,** *et al.*,

              **Defendants.**

## PLAINTIFF'S CONSOLIDATED MOTIONS FOR LEAVE TO PROCEED USING A PSEUDONYM, TO REQUIRE REDACTION OF IDENTIFYING INFORMATION FROM FILINGS, AND TO CLOSE ALL HEARINGS TO THE PUBLIC

Plaintiff, Student Doe No. 1, by undersigned counsel, respectfully moves the Court to enter the proposed order attached hereto, permitting Plaintiff to proceed using a pseudonym, to require redaction of identifying information from all filings, to close all hearings to the public. For the reasons set forth in the accompanying Memorandum of Law, the disclosure of Plaintiff's identity would result in a severe invasion of Plaintiff's privacy and presumption of innocence and subject them to harassment and ostracization that would far outweigh any public interest in Plaintiff's identity or any legitimate interest of the Defendants in the Plaintiff's identity being publicly known.

Plaintiff seeks relief in this case based on the reported termination of their "SEVIS" record. Plaintiff's privacy interest in their educational record would be undermined if Plaintiff were required to be identified by name, educational institution, field of study, or other personally identifying information.

Granting this motion would be in the interest of justice. The requested order would protect legitimate privacy interests.

Discovery in this matter can be conducted subject to a protective order that would prevent disclosure of personally identifying information while permitting the parties to fully explore the merits. Plaintiff anticipates that the parties will negotiate an appropriate protective order for consideration by the Court.

Accordingly, Plaintiff respectfully requests that this Consolidated Motion be granted and the Court enter an order that would prevent Plaintiff's identity from becoming publicly known.

Respectfully Submitted,

Dated: April 23, 2025                    /s/ David S. Santee

David S. Santee
Pa. Bar. No. 83832
Law Offices of David S. Santee, LLC
12 Veterans Square, Suite 1
Media, PA 19063
Email: david@santeelawoffices.com
Telephone: (215) 717-8000
Facsimile: (215) 895-3995

2

Kasturi Sen
Pa. Bar. No. 209351
Goldshaw Greenblatt Pierce LLC
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Email: ksen@ggplawfirm.com
Telephone: (215) 278-6865
Facsimile: (215) 445-3629

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STUDENT DOE NO. 1,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO: 25-1962** |
| **KRISTI NOEM,** *et al.*, | |
| **Defendants.** | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CONSOLIDATED MOTIONS FOR LEAVE TO PROCEED USING A PSEUDONYM, TO REQUIRE REDACTION OF IDENTIFYING INFORMATION FROM FILINGS, AND TO CLOSE ALL HEARINGS TO THE PUBLIC

Plaintiff, Student Doe No. 1, by undersigned counsel, hereby submits this Memorandum of Law in support of Plaintiff's Consolidated Motions for Leave to Proceed Using a Pseudonym, to Require Redaction of Identifying Information From Filings, and to Close All Hearings to the Public. The disclosure of Plaintiff's identity would result in a severe invasion of Plaintiff's privacy and presumption of innocence and subject him to harassment and ostracization that would far outweigh any public interest in Plaintiff's identity or any legitimate interest of the Defendants in the Plaintiff's identity being publicly known.

Although parties must ordinarily proceed using their own names, "the circumstances of a case, particularly where litigants may suffer extreme distress or

danger from their participation in the lawsuit, may justify allowing a party to proceed under a pseudonym. *Doe v. Genesis Healthcare, et al.*, 535 F.Supp. 337, 338 (E.D.Pa. 2021). *See also Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997).

The factors weighing for and against the use of pseudonyms are as follows:

> The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
> \* \* \*
>
> [T]he factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Doe v. Provident Life and Acc. Ins. Co.* , 176 F.R.D. 464, 467–68 (E.D. Pa. 1997). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Lozano v. City of Hazleton*, 620 F.3d 170, 194–95 (3d Cir. 2010), *cert. granted, judgment vacated sub nom. on other grounds*, *City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030, 131 S. Ct. 2958, 180 L. Ed. 2d 243 (2011).

By far, the most compelling reason to withhold Plaintiff's identity from the public is Plaintiff's presumption of innocence, a protection that is afforded to all persons under the U.S. Constitution. The public has a strong interest against its government labeling individuals as dangerous criminals who have never been convicted of a crime in a court of law. Yet that is exactly what the government has set out to do. Beginning with Executive Order 14161 of January 20, 2025, titled "Protecting the United States From Foreign Terrorists and Other National Security and Public Safety Threats"[1] the president's administration has set out to demonize foreign nationals as being threats to the safety and security of U.S. citizens. The Executive Order's stated purpose is "to ensure that those aliens approved for admission into the United States do not intend to harm Americans or our national interests… [and] the United States must ensure that admitted aliens and aliens

---

[1] Available online at https://www.presidency.ucsb.edu/documents/executive-order-14161-protecting-the-united-states-from-foreign-terrorists-and-other.

3

otherwise already present in the United States do not bear hostile attitudes toward its citizens, culture, government, institutions, or founding principles, and do not advocate for, aid, or support designated foreign terrorists and other threats to our national security." Ex. A. More recently, on April 14, 2025, The White House published an article online reporting on a meeting between President Donald J. Trump and Salvadoran President Nayib Bukele, which includes the claim: "Thanks to the two leaders, scores of violent illegal immigrant killers, rapists, gang members, and other sick criminals have been swiftly taken off our streets."[2] One of those supposed "sick criminals" taken off our streets and sent to a prison in El Salvador is Kilmar Armando Abrego Garcia, who had, prior to being "mistakenly" deported by the government's own admission, was living in the United States pursuant to a grant of withholding of removal by an immigration judge. *See Abrego Garcia v. Noem, et al.*, No. 25-1404, (4th Cir. Apr. 17, 2025).

In a press conference on Friday, April 17, 2025, President Trump described Abrego Garcia who has never been convicted of a crime as a "foreign terrorist," who

---

[2] The White House, "No Safe Harbor for Illegal Immigrant Criminals Under President Trump," Apr. 14, 2025, https://www.whitehouse.gov/articles/2025/04/no-safe-harbor-for-illegal-immigrant-criminals-under-president-trump/?utm_source=chatgpt.com.

is "not a very innocent guy," and whose "record is unbelievably bad."[3] President

Trump went on to say: "They talk about how evil I am, that this man would be thrown

out of our country…. This man is a — according to certified statements that we get

— is a very violent person. And they want this man to be brought back into this

country, where he can be free."[4] Mr. Abrego Garcia's wife has been forced to move

to a safe house after a U.S. official posted a court document on social media that

included the family address.[5]

    The government's blatant disregard of the consequences of disseminating

negative information about an individual that has complained of being aggrieved

weighs strongly in favor of withholding Plaintiff's identity here, and it far outweighs

any factors in favor of disclosure. A small, but very vocal, segment of the public may

be interested in joining the campaign that the government has initiated. But that is

not the type of public interest that should weigh in favor of disclosure. On the

---

[3] Peter Baker, "Defying the Law and the Courts, Trump Seeks to Shift the Focus," The New York Times, Apr. 19, 2025 (obtained online at https://www.nytimes.com/2025/04/19/us/politics/deportation-trump-abrego-garcia-el-salvador.html?searchResultPosition=1).

[4] *Id.*

[5] Maria Luisa Paul, "Her husband was mistakenly deported. Now she's caught in a political frenzy," The Washington Post, Apr. 22, 2025 (obtained online at https://www.washingtonpost.com/immigration/2025/04/21/jennifer-vasquez-sura-kilmar-abregro-garcia-wife/).

contrary, the legitimate public interest is one that is consistent with the protections afforded by the Constitution. Indeed, the public interest in knowing the details of a plaintiff's identify is weak where, as here, the dispute presented to the Court turns on legal and constitutional issues. *See, e.g. Lozano v. City of Hazleton*, 620 F.3d 170, 194–95 (3d Cir. 2010), *cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano on other grounds*, 563 U.S. 1030, 131 S. Ct. 2958, 180 L. Ed. 2d 243 (2011) ("the court explained that because the Doe Plaintiffs' identity information was not central to their claims, restricting Hazleton's access to that information would not be prejudicial"); *J.M.H. v. Freden*, No. 24-CV-875-LJV, 2025 WL 81919, at *3 (W.D.N.Y. Jan. 13, 2025) ("Finally, the public interest in knowing the details of J.M.H.'s identity is weak here, where the dispute before this Court turns on the constitutional question of whether a detainee in her circumstances is entitled to a bond hearing.").

Defendants also have no legitimate interest in Plaintiff's identity becoming known publicly. Since Plaintiff has made their identity known to the defense, there is no prejudice to Defendants in their ability to access Plaintiff's immigration file and adequately prepare their defense. *See L. K. v. United States Citizenship & Immigr. Servs.*, No. 24-CV-00675-LJC, 2024 WL 1528393, at *1–2 (N.D. Cal. Mar. 14, 2024) (granting plaintiff's motion to proceed only by initials L.K., even before defendants had any opportunity to oppose the motion, and holding that defendants

would suffer no prejudice because "Plaintiff disclosed his full name and alien number to Defendants in connection with his service of summons and the Complaint for this litigation . . . [and] Defendants thus have all the information they need to easily access Plaintiff's full immigration case file and adequately prepare their defense.").

Where the defendant is a government entity or official, courts routinely weigh the public interest factor in favor of leave to proceed under a pseudonym. *See, e.g., E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity…the plaintiff's interest in proceeding anonymously is considered particularly strong."); *J.M.H. v. Freden*, No. 24-CV-875-LJV, 2025 WL 81919, at *3 (W.D.N.Y. Jan. 13, 2025) (granting motion to proceed via pseudonym where plaintiff alleged she feared harm while in ICE custody as well as if deported because "[s]uits against the government involve no injury to the [g]overnment's reputation."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. at 111.

And here, as the Abrego Garcia case demonstrates, there is legitimate concern that Defendants would use the information to sway public opinion against Plaintiff,

portraying him as a criminal when he has been convicted of no crime. Not only have Defendants communicated that they will likely oppose any motion to proceed pseudonymously, they have also indicated an intent to include detailed information of the accusations against Plaintiff in response to Plaintiff's Motion for a Temporary Restraining Order,[6] facts which have absolutely no relevance to the issues raised in Plaintiff's motion or to this action in general.

Additionally, Plaintiff seeks relief in this case based on the reported termination of their "SEVIS" record. Plaintiff's privacy interest in their educational record, which are protected by the Family Educational and Privacy Act ("FERPA"), 20 U.S.C. §1232(g) and its accompanying regulations, would be undermined if Plaintiff were required to be identified by name, educational institution, field of study, or other personally identifying information. *See Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 74–75 (1st Cir. 2022) (vacating denial of pseudonymity to student suing his former school and rejecting defendant's argument that student had waived his privacy rights under FERPA by suing the school and thereby placing his educational records at-issue).

---

[6] Plaintiff's counsel has voiced strong objection to this and communicated to Defendants that they would like an opportunity to be heard before this Court prior to such a filing.

Plaintiff respectfully request that the Court grant the accompanying Motion and enter an Order that would prevent Plaintiff's identity from becoming publicly known.

Respectfully Submitted,

Dated: April 23, 2025          /s/ David S. Santee

David S. Santee
Pa. Bar. No. 83832
Law Offices of David S. Santee, LLC
12 Veterans Square, Suite 1
Media, PA 19063
Email: david@santeelawoffices.com
Telephone: (215) 717-8000
Facsimile: (215) 895-3995

Kasturi Sen
Pa. Bar. No. 209351
Goldshaw Greenblatt Pierce LLC
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Email: ksen@ggplawfirm.com
Telephone: (215) 278-6865
Facsimile: (215) 445-3629

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**STUDENT DOE NO. 1,**

              **Plaintiff,**

        **v.**

**KRISTI NOEM,** *et al.*,

           **Defendants.**

**CIVIL ACTION NO: 25-1962**

### DECLARATION OF COUNSEL

I, David S. Santee, counsel for Plaintiff in the above-referenced matter, hereby declare that all facts included in Plaintiff's Consolidated Motions for Leave to Proceed Using a Pseudonym, to Require Redaction of Identifying Information from Filings, and to Close All Hearings to the Public, except those specifically attributed to another source, are true and correct to my knowledge, information, and belief.

Respectfully Submitted,

Dated: April 23, 2025

/s/ David S. Santee

David S. Santee
Pa. Bar. No. 83832
Law Offices of David S. Santee, LLC
12 Veterans Square, Suite 1
Media, PA 19063
Email: david@santeelawoffices.com
Telephone: (215) 717-8000
Facsimile: (215) 895-3995

## CERTIFICATE OF SERVICE

I, David S. Santee, hereby certify that a true and correct copy of the foregoing motion, together with the Proposed Order, Memorandum of Law and Declaration of Counsel in support thereof, was electronically filed with the on Court April 23, 2025, and is available for viewing and downloading from the ECF system by all counsel of record.

Dated: April 23, 2025

/s/ David S. Santee
_____
David S. Santee
Pa. Bar. No. 83832
Law Offices of David S. Santee,
LLC 12 Veterans Square, Suite 1
Media, PA 19063
Email: david@santeelawoffices.com
Telephone: (215) 717-8000
Facsimile: (215) 895-3995 *Attorney for Plaintiff*