UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STUDENT DOE NO. 1,**<br>    **Plaintiff,**<br><br>    v.<br><br>**KRISTI NOEM,** *et al.***,**<br>    **Defendants.** | **CIVIL ACTION NO: 25-1962** |

**PLAINTIFF'S BRIEF OBJECTING TO INCORPORATING THE REACTIVATION OF PLAINTIFF'S SEVIS ACCOUNT INTO THE HEARING RECORD ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

### I. INTRODUCTION

Plaintiff, Student Doe No. 1, by undersigned counsel, hereby OBJECTS to incorporating the reactivation of Plaintiff's SEVIS account into the hearing record of Plaintiff's Motion for a Temporary Restraining Order ("TRO") for the reasons set forth below.

### II. ARGUMENT

**1. Defendants' Voluntary Cessation is Irrelevant Absent Absolutely Clear Evidence that the Challenged Conduct Cannot Reasonably Be Expected to Reoccur.**

The reactivation of Plaintiff's SEVIS account is irrelevant to Plaintiff's Motion absent evidence that "makes it absolutely clear that allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environ. Svcs.*, 528 U.S. 167, 170, 120 S.Ct. 693, 698 (2000) (quoting *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U.S. 199, 203 (1968)). *See also DeJohn v. Temple Univ.*, 537 F.3d 301, 309 (3d Cir. 2008).

In Friends of the Earth, the Supreme Court explained:

> In accordance with this principle, the standard we have announced
> for determining whether a case has been mooted by the defendant's

> voluntary conduct is stringent: **"A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Concentrated Phosphate Export Assn., Inc., 393 U.S. 199, 203 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.** Ibid.

*Friends of the Earth, Inc. v. Laidlaw Environ. Svcs.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (emphasis added).

Last year, the Supreme Court elaborated on the heavy burden a party asserting mootness must meet:

> We have described [the burden of persuasion on mootness] as a "formidable burden." *Friends of the Earth*, 528 U.S., at 190, 120 S.Ct. 693. And the reason for it is simple: "The Constitution deals with substance," not strategies. *Cummings v. Missouri*, 4 Wall. 277, 325, 18 L.Ed. 356 (1867). Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat "this cycle" as necessary until it achieves all of its allegedly "unlawful ends." *Already*, 568 U.S., at 91, 133 S.Ct. 721. A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated. ***To show that a case is truly moot, a defendant must prove " 'no reasonable expectation' " remains that it will "return to [its] old ways." W. T. Grant Co., 345 U.S., at 632-633, 73 S.Ct. 894. That much holds for governmental defendants no less than for private ones.*** See., e.g., *West Virginia v. EPA*, 597 U.S. 697, 719, 142 S.Ct. 2587, — L.Ed.2d — (2022); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457, n. 1, 137 S.Ct. 2012, 198 L.Ed.2d 551 (2017); *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 719-720, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007).

*FBI v. Fikre*, 601 U.S. 234, 241-42 (2024) (emphasis added).

The hearing record is silent on why Defendants unlawfully terminated Plaintiff's SEVIS account based solely on an arrest, in violation of Section 237 of the Immigration and Nationality Act (8 U.S.C. § 1227) and 8 C.F.R. § 214.1(g). There is no evidence in the hearing record that

2

Defendants will refrain from similar conduct in the future. Therefore, Defendants cannot meet their heavy burden of persuading this Court, by an absolutely clear standard, that they cannot be reasonably be expected to engage in the challenged conduct in the future.

### 2. Defendants' Voluntary Cessation Should Not Delay the Relief Sought by Plaintiff.

Reopening the record will unnecessarily delay the proceedings and delay the relief sought by Plaintiff yet again. Defendants had ample opportunity to notify the Court of its intent to reactive Plaintiff's SEVIS status and offer any explanations on its prior unlawful conduct and assurances that such conduct would not reoccur. Defendants had that opportunity at the hearing that was scheduled but not held on Tuesday, April 22, 2025, in their response to Plaintiff's motion that they filed on April 24, 2025, and at the hearing on Thursday, April 24, 2025.[1] Defendants have failed to offer any explanations or assurances and have failed to make any witness available to the Court. Instead, Defendants expect this Court to accept that there is no longer a live case or controversy based on the mere fact that they have voluntarily reactivated Plaintiff's SEVIS record. Defendants should not be rewarded for their dilatory tactics or their cavalier attitude towards Court proceedings by any further delays in the issuance of a restraining order by this Court.

Even outside of the hearing record, Defendants have failed to furnish any evidence at all—not even by way of an inadmissible hearsay statement—to provide any commitment to follow the law in the future when it comes to SEVIS record terminations, professing instead, to a vague, non-binding commitment that it is "developing a policy that will provide a framework for SEVIS record

---

[1] Indeed, in a parallel SEVIS termination case pending in the District of Columbia before Judge Ana C. Reyes, the defense represented to that court *on or before April 17, 2025, that the student-plaintiff in that matter had his SEVIS record returned to active status. See* 4/17/2025 Order granting Plaintiff's Application for Temporary Restraining Order, *Patel v. Lyons*, ECF. No. 11, C.A. No. 25-cv-01096 (ACR), D.D.C. (granting the TRO "for the reasons stated on the record . . . and based on Defendant's representation that it has returned Plaintiff's record in the Student and Exchange Visitor Information System (SEVIS) to the 'active' status"), attached here as Exhibit A.

terminations."[2] At the conclusion of Tuesday's April 22, 2025 hearing, Defendants expressly declined to enter a stipulation read into the record that would have barred them from detaining or initiating removal proceedings against Plaintiff while this lawsuit was pending. Even if the Court were to admit evidence of the SEVIS record reactivation into the TRO hearing record (which it should not), none of the three measures of relief set forth in Plaintiff's Amended [Proposed] Order, ECF No. 20, has been mooted.[3]

### III. CONCLUSION

For all of the reasons set forth above, the Court should sustain Plaintiff's objection to the admission of evidence of Plaintiff's SEVIS record reactivation into the hearing record for Plaintiff's Motion for Temporary Restraining Order. Even if the Court admits said evidence into the hearing record, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for a Temporary Restraining Order, which is not moot for the reasons explained above.

---

[2] See 4/25/2025 email from Counsel for Defendants, Erin Lindgreen, to the Court and Plaintiff's counsel, attached here as Exhibit B. Indeed, it is both concerning and unclear why Defendants need yet another policy on SEVIS record terminations when a robust statutory and regulatory framework already exists delineating the narrow set of circumstances under which a student may lose their status, necessitating a SEVIS record termination. *See People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 (3d Cir. 2008) ("It is also clear that the repeal of a challenged ordinance does not necessarily moot a challenge to the constitutionality of that ordinance if the ordinance, or one with similar constitutional infirmities, might be reenacted."); *c.f. DeJohn v. Temple Univ.*, 537 F.3d 301, 309 (3d Cir. 2008) (holding that voluntary cessation did not render student's claim moot where defendant "defended and continues to defend not only the constitutionality of its prior sexual harassment policy, but also the need for the former policy").

[3] Of note, as to the third measure of relief sought in Plaintiff's Amended [Proposed] Order, while Plaintiff's SEVIS status has been restored to active, this activation has not been made retroactive to April 10, 2025. Plaintiff's SEVIS record still reflects that he was in terminated status from April 10, 2025 until April 24, 2025. There is no telling what consequences immigration authorities may later seek to impose as a result of this period of purported terminated status. For example, according to INA § 248(a), one must have continuously maintained lawful nonimmigrant status to be eligible to change to another nonimmigrant category. 8 U.S.C. § 1258(a).

Respectfully Submitted,

Dated: April 28, 2025                              /s/ David S. Santee

David S. Santee
Pa. Bar. No. 83832
Law Offices of David S. Santee, LLC
12 Veterans Square, Suite 1
Media, PA 19063
Email: david@santeelawoffices.com
Telephone: (215) 717-8000
Facsimile: (215) 895-3995

Kasturi Sen
Pa. Bar. No. 209351
Goldshaw Greenblatt Pierce LLC
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Email: ksen@ggplawfirm.com
Telephone: (215) 278-6865
Facsimile: (215) 445-3629

**CERTIFICATE OF SERVICE**

    I, David S. Santee, hereby certify that a true and correct copy of the foregoing brief, was electronically filed with the Court on April 28, 2025, and is available for viewing and downloading from the ECF system by all counsel of record.


Dated: April 28, 2025                          /s/ David S. Santee

                                                                David S. Santee
                                                                Pa. Bar. No. 83832
                                                                Law Offices of David S. Santee, LLC
                                                                12 Veterans Square, Suite 1
                                                                Media, PA 19063
                                                                Email: david@santeelawoffices.com
                                                                Telephone: (215) 717-8000
                                                                Facsimile: (215) 895-3995
                                                                *Attorney for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AKSHAR PATEL,

    *Plaintiff*,

v.

TODD M. LYONS,

    *Defendant*.

Civil Action No. 25-cv-01096 (ACR)

## ORDER

For the reasons stated on the record at the April 16, 2025 hearing, and based on Defendant's representation that it has returned Plaintiff's record in the Student and Exchange Visitor Information System (SEVIS) to the "active" status, the Court **GRANTS** Plaintiff's Application for Temporary Restraining Order, Dkt. 2, insofar as the Court:

**ORDERS** that Defendant may not change or otherwise modify Plaintiff's record in SEVIS solely on the basis of his arrest in November 2018 for a violation of Reckless Driving and subsequent dismissal of charge on February 21, 2019, by the Montgomery County Court. The Court further

**ORDERS** that Plaintiff file a renewed Application for Preliminary Injunction by April 21, 2025, and that Defendant file its Opposition by April 29, 2025. The Court will hold an evidentiary hearing on Plaintiff's renewed Application on April 29, 2025.

2

This Order will remain in effect until further order from the Court or within 14 days of this Order, whichever comes first.

**SO ORDERED.**

Date: April 17, 2025              _____
                                  ANA C. REYES
                                  United States District Court Judge

# EXHIBIT B

| | |
|---|---|
| **From:** | Lindgren, Erin (USAPAE) |
| **To:** | David Santee; Chambers of Judge Cynthia M Rufe |
| **Cc:** | Kasturi Sen; StJoseph, Anthony (USAPAE); Degnan, David (USAPAE); in den Berken, Gregory (USAPAE) |
| **Subject:** | RE: Doe v. Noem, et al., 25-cv-1962 |
| **Date:** | Friday, April 25, 2025 2:44:06 PM |

Dear Judge Rufe:

We recently learned the following from our client, which they have authorized us to share.

ICE is developing a policy that will provide a framework for SEVIS record terminations. Until such a policy is issued, the SEVIS records for plaintiff in this case (and other similarly situated plaintiffs) <u>will remain Active or shall be re-activated</u> if not currently active and <u>ICE will not modify the record solely based on the National Crime Information Center (NCIC) finding that resulted in the recent SEVIS record termination.</u> ICE maintains the authority to terminate a SEVIS record for other reasons, such as if the plaintiff fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act.

We called Plaintiff's counsel before sending this email to advise them of the same. We are also in receipt of the Court's order directing us to file a joint statement by Monday. We will continue to confer with Plaintiff's counsel to prepare this joint submission to be filed on the docket.

Sincerely,

Erin Lindgren
Assistant U.S. Attorney
(215) 861-8564 (office)
(215) 764-2184 (cell)
Erin.Lindgren@usdoj.gov

---

**From:** David Santee <david@santeelawoffices.com>
**Sent:** Thursday, April 24, 2025 8:27 PM
**To:** Chambers of Judge Cynthia M Rufe <Chambers_of_Judge_Cynthia_M_Rufe@paed.uscourts.gov>
**Cc:** Kasturi Sen <ksen@ggplawfirm.com>; StJoseph, Anthony (USAPAE) <Anthony.StJoseph@usdoj.gov>; Degnan, David (USAPAE) <David.Degnan@usdoj.gov>; Lindgren, Erin (USAPAE) <Erin.Lindgren@usdoj.gov>; in den Berken, Gregory (USAPAE) <Gregory.indenBerken@usdoj.gov>
**Subject:** [EXTERNAL] Doe v. Noem, et al., 25-cv-1962

Your Honor:

This evening, Temple University informed Plaintiff that it had checked SEVIS again tonight and discovered that Plaintiff's SEVIS record has been returned to "active" status. Plaintiff is bringing this to Your Honor's attention immediately as Plaintiff's Motion for a Temporary Restraining Order is under advisement with the Court. We are not yet ready to advise the Court of Plaintiff's position on any effect that the restoration of Plaintiff's SEVIS record to active status may have on the pending

motion or the action generally.

We are available to address this issue further at any time and matter the Court considers to be appropriate.

Respectfully,

David Santee
Kasturi Sen
Counsel for Plaintiff